**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| BRANDYN BLACHARSKI,<br><br>Plaintiff,<br><br>v.<br><br>RODNEY G. LAUREYS,<br><br>Defendant. | CAUSE NO. 3:26-CV-1033-PPS-APR |

**OPINION AND ORDER**

Brandyn Blacharski, a prisoner without counsel, filed a civil rights complaint. [DE 1.] Pursuant to 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Blacharski is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Blacharski sues Rodney Laureys, an agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, for conduct related to Blacharski's federal

conviction for a firearms offense.[1] *See United States v. Blacharski*, 3:20-CR-103-DRL-ALT (N.D. Ind. closed Mar. 11, 2022). He seeks compensatory and punitive damages, among other relief. [DE 1 at 4.] Public records from Blacharski's criminal case reflect that in 2022, he pled guilty to one count of possessing a firearm after a felony conviction and was sentenced to 71 months in prison. [*Id.*] He filed a notice of appeal, but later voluntarily dismissed it. [*Id.*]; *Blacharski*, 3:20-CR-103-DRL-ALT, DE 75. He then sought to vacate his conviction under 28 U.S.C. § 2255, asserting ineffective assistance of counsel, violations of his right to exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and other misconduct by law enforcement agents and prosecutors. *Blacharski v. United States*, 3:23-CV-521-DRL (N.D. Ind. closed Sept. 16, 2025).] The court denied relief, and he filed two separate appeals, one of which was dismissed, and the other remains pending. *See Blacharski v. United States,* No. 26-1083 (7th Cir. filed Jan. 16, 2026); *Blacharski v. United States*, No. 26-1162 (7th Cir. closed Feb. 26, 2026).] He has also filed a petition for a writ of mandamus in the Seventh Circuit asserting wrongdoing by the judge presiding over his criminal case, which remains pending. *See Blacharski v. Leichty,* No. 26-2843 (7th Cir. filed Sept. 8, 2026).

Since the court denied his § 2255 petition, he has continued to file a bevy of motions to "correct" or to "reconsider," and for a "change of judge" in his closed criminal case. *See, e.g.*, *Blacharski*, 3:22-CR-103-DRL-ALT, DE 173. One such motion

[1] I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

requested a *Franks* hearing[2] and asserted misconduct by Agent Laureys pertaining to alleged false statements and information contained in the warrant obtained for his arrest. *See id.*, DE 171. On July 6, 2026, the court denied this and other motions, concluding that Blacharski was, in effect, attempting to bring a successive § 2255 motion without express authorization from the Circuit. *Id.*

One week later, Blacharski filed his complaint in this case asserting claims against Agent Laureys under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "the federal equivalent of [42 U.S.C.] § 1983." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). This is in fact his second time asserting misconduct by individuals involved with his federal criminal case in a civil rights lawsuit. *See Blacharski v. Laureys, et al.*, No. 3:25-CV-1099-CCB-JEM (N.D. Ind. closed Feb. 23, 2026). His prior case was dismissed earlier this year under 28 U.S.C. § 1915A as an improper attack on his federal conviction. *Id.*, DE 16.

As Blacharski was previously told, he cannot seek to have his federal conviction overturned in a civil lawsuit; instead, such relief can only be sought in a habeas corpus proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983); *Glaus*, 408 F.3d at 386 (holding *Preiser* "applies just as soundly to federal prisoners filing a claim based

[2] *See Franks v. Delaware*, 438 U.S. 154 (1978); *see also United States v. Daoud*, 755 F.3d 479, 483 (7th Cir. 2014) (observing that *Franks* "held that a defendant can challenge a search or arrest warrant on the ground that it was procured by a knowing or reckless falsehood by the officer who applied for the warrant").

on *Bivens*"). This rule applies regardless of how he chooses to package his claims. As the Seventh Circuit has explained:

> Prisoners cannot avoid the [Anti-Terrorism and Effective Death Penalty Act's] rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

He also cannot pursue a claim for damages in a civil suit based on a theory that his outstanding federal conviction is false or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside"). A civil claim that necessarily implies the invalidity of an outstanding criminal conviction "must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside." *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019).

Claims against police pertaining to certain types of wrongdoing that occurred during an arrest are not necessarily barred by *Heck*. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). Here, however, Blacharski claims that Agent Laureys concocted evidence to "frame" him on false charges, which, if true, would implicate the validity of his outstanding federal conviction. *See Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020) (en banc) (holding claim that officer fabricated evidence is best understood as malicious prosecution claim, which cannot be brought

unless criminal proceeding terminates in the defendant's favor or conviction is vacated); *see also Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001) (finding claim asserting that police "framed" the plaintiff with false evidence barred by *Heck* as an "impermissible end run around [his] conviction"). This conclusion is underscored by the fact that Blacharski raised these identical allegations in his federal criminal case (albeit in a procedurally improper manner) in an effort to have his conviction overturned. *See Blacharski,* No. 3:20-CR-103-DRL-ALT, DE 149. He was told that he had to obtain leave from the Circuit to pursue such claims through a successive § 2255 motion, but instead he opted to repackage the claims into a civil rights lawsuit.

Although he disavows any attempt to undermine his federal conviction in this lawsuit, "[t]he favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). If, in the future, his federal conviction is set aside, overturned, or otherwise drawn into question, his claims may become cognizable. At this stage, however, they must be dismissed without prejudice. *Johnson*, 944 F.3d at 968.

Therefore, the complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith,

dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. (citation omitted).

As outlined, Blacharski has a lengthy history of attempting to attack his federal conviction, sometimes through improper means. His present complaint seeks relief that is barred under *Preiser* and *Heck*, and I find no basis to conclude that if given another opportunity, he could assert a viable claim that does not conflict with his outstanding federal conviction, consistent with what he has already alleged under penalty of perjury.

For these reasons, the court DISMISSES this action without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and DIRECTS the clerk to close the case.

SO ORDERED on October 6, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT